```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
YOUNGJOO RHEE,                                                 :
                                                               :
                              Plaintiff,                       :
                                                               :       21-cv-4283 (LJL)
              -v-                                              :
                                                               :       ORDER
SANTE VENTURES,                                                :
                                                               :
                              Defendant.                       :
                                                               :
---------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/19/2021

LEWIS J. LIMAN, United States District Judge:

The Court held an initial pre-trial conference in this case today, July 19, 2021. At the conference, Plaintiff stated that, although the complaint indicated that federal jurisdiction was premised upon a federal question, the basis for jurisdiction is, in fact, diversity. Accordingly, the Plaintiff has leave to file an amended complaint by July 23, 2021 at 5:00 p.m. correcting the stated basis for jurisdiction.

At the conference, Defendant alerted the Court to a parallel action in the Western District of Texas arising out of the same facts as the action here. *SHVMS, LLC v. Rhee*, 21-cv-486 (W.D. Tex. 2021). There, Sante Ventures sued Rhee in state court seeking a declaratory judgment that Rhee's employment contract was not enforceable, because she was not a registered broker-dealer. Rhee counterclaimed and removed the case to federal court. Rhee has moved to dismiss the case or, in the alternative, to transfer the case to the Southern District of New York.

In order to promote judicial economy "if competing cases are filed in two federal courts, 'the general principle is to avoid duplicative litigation.'" *Regions Bank v. Wieder & Mastroianni, P.C.*, 170 F. Supp. 2d 436, 439 (S.D.N.Y. 2001) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). In keeping with this principle, "the Second Circuit has long followed the 'first-filed rule' in deciding whether a case should be stayed or dismissed in favor of a case pending in another federal court." *Id*. Where two actions involve the same issues, "the first suit should have priority, 'absent the showing of a balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second.'" *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969) (quoting *Remington Prods. Corp. v. Am. Aerovap, Inc.*, 192 F.2d 872, 873 (2d Cir. 1951)). "The decision whether or not to stay or dismiss a proceeding rests within a district judge's discretion." *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991).

Because this case is the second-filed action, the Court stays the case pending resolution of Rhee's motion to dismiss or transfer in the Western District of Texas. Parties are directed to

2

notify the Court within one week of the Western District of Texas' decision.  If the Texas case is dismissed or transferred, the Court will lift the stay.  This order is without prejudice to Plaintiff making a motion to vacate the stay in this case.

    SO ORDERED.

Dated: July 19, 2021
      New York, New York

                                                       LEWIS J. LIMAN
                                                  United States District Judge