```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
YOUNGJOO RHEE,                                                    :
                                                                  :
                                        Plaintiff,                :
                                                                  :         21-cv-4283 (LJL)
                -v-                                               :
                                                                  :         MEMORANDUM &
SANTE VENTURES,                                                   :            ORDER
                                                                  :
                                        Defendant.                :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/29/2023

LEWIS J. LIMAN, United States District Judge:

     Plaintiff Youngjoo Rhee ("Plaintiff") moves *in limine* to preclude Defendant from offering into evidence any documents which were not produced in discovery and from calling as a witness any person who has not yet been deposed. Dkt. No. 98. Trial in this case is scheduled for September 19, 2023. Dkt. No. 96. Defendant does not oppose Plaintiff's motion to the extent that it seeks to preclude either side from offering into evidence documents which were not produced in discovery but opposes the motion to the extent that it seeks to preclude Defendant from calling witnesses who were not deposed. Dkt. No. 104.

     Rules 26(a)(1) and 37(c)(1) are the rules relevant to Plaintiff's motion.[1] Rule 26(a)(1) requires each party to provide to the other parties initial disclosures with "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support is claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1). The evident purpose of the rule is to enable the receiving party to receive information about such persons through the tools of civil discovery. "Federal Rule of Civil Procedure 37(c)(1) authorizes the Court to impose sanctions for failure to disclose information under Rule 26(a)(1)." *Abouelmakarem v. Mssminja Inc.*, 2023 WL 4561765, at *2 (S.D.N.Y. July 17, 2023). "Preclusion of evidence, however, is a harsh remedy that should be imposed only in rare situations." *Id.*

     Defendant has identified four witnesses in the joint pretrial order that it may call at trial: Kevin Lalande, Jason Brandt, Brooke Jones, and Alfred Macdaniel. Dkt. No. 100 at ECF pp. 9–10. Plaintiff has taken the depositions of Lalande and Brandt. Dkt. No. 104 at 1. Defendant identified all four of the witnesses, including Jones and Macdaniel in its Rule 26(a) initial disclosures. Dkt. No. 104-1 at 2–3. Those initial disclosures are dated, and were served on, April 7, 2022. *Id.* at 4. In addition, Macdaniel is included on Plaintiff's responses to

---

[1] Tellingly, Plaintiff cites no law in support of her requested relief.

Defendant's first set of interrogatories.[2]  Dkt. No. 104-2 ¶ 1.  Thus, there is no basis for Plaintiff's motion to preclude Defendant from calling any of the persons identified as witnesses on the Joint Pretrial Order to testify at trial.  The case management plan entered by the Court on April 15, 2022, gave the parties until July 21, 2022 to take fact discovery and to complete depositions.  Dkt. No. 64 at ¶¶ 6, 7(d).  Those were the dates proposed by the parties.  Dkt. No. 63 ¶¶ 6, 7(d).  In a joint letter to the Court, dated September 21, 2022, both parties represented that they did not anticipate conducting further discovery.  Dkt. No. 69.  If Plaintiff wished to know what Jones and Macdaniel would say before they are called as witnesses at trial, Plaintiff could have deposed them during the time requested by the parties and permitted by the Court.

The motion is GRANTED IN PART and DENIED IN PART.  Neither side shall be permitted to offer in its case-in-chief documents that were not produced in discovery.  The motion is denied to the extent that it seeks to preclude Defendant from calling witnesses at trial who were not deposed.

SO ORDERED.

Dated: August 29, 2023
       New York, New York

                                                    _____
                                                    LEWIS J. LIMAN
                                                    United States District Judge

---

[2] Alfred Macdaniel was spelled "Alfredo Mcdaniel" in the interrogatories.  Dkt. No. 104-2 ¶ 1.