UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| YOUNGJOO RHEE, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 1:21-cv-04283 |
| SHVMS, LLC, D/B/A SANTÉ VENTURES, | § § § | JOINT PRETRIAL ORDER |
| *Defendant.* | § § | |

The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, and the following statements, directions and agreements are adopted as the Pretrial Order herein.

### I.    Caption

The parties confirm that the caption above is correct and should appear on all trial documents.

### II.    Trial Counsel

For Plaintiff:

Sam Tenenbaum, Esq.
TENENBAUM LAW, LLC
10 North Dearborn Street, Ste 400
Chicago, Illinois 60602
Telephone: (312) 624-8684
sam@tenenbaumlaw.com

-and-

James Koutoulas
KOUTOULAS LAW, LLC
20 N. Dearborn, #400
Chicago, Illinois 60604
Telephone: (312) 836-1180
james@koutoulaslaw.com

For Defendant:

Patrick S. Richter
Sophie I. Myers
smyers@rigbyslack.com
RIGBY SLACK, PLLC
300 Jefferson Street, Suite 330
Austin, Texas 78731
Telephone:  (512) 782-2061
prichter@rigbyslack.com
smyers@rigbyslack.com

-and-

Ryan James Sestack
GORDON REES SCULLY MANSUKHANI LLP
1 Battery Plaza, 28th Floor
New Yor, NY 10004
Telephone: (214) 269-5505

### III.    Subject Matter Jurisdiction

The subject matter of the Court and venue is not contested. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1332(a)(2) and 1367. There is complete diversity amongst the parties, and there is a probability that the amount in

controversy exceeds $75,000. Venue lies within this District under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

IV. **Claims and Defenses to be Tried.**

A. Plaintiff:

This trial is on the remaining claim of Breach of Contract with the reference contract being Plaintiff's Ex. 1. Ms. Rhee found PSERS, a pension fund, which subsequently invested in Sante's Fund III and Fund IV. PSERS published its formal commitment to both funds on December 19, 2018. Sante recognized that Ms. Rhee deserved "full credit" for finding PSERS, but did not pay her in accordance with her employment agreement and terminated her after she sought payment under the agreement. Sante has cited various reasons for not paying Rhee who inquired repeatedly for payment under the agreement, including: a "budget planning process" (See Plaintiff's exhibit 6), and that her agreement wasn't "market" anymore (See Plaintiff's Exhibit 4). Then, after months of delays and a very significant underpayment by Sante, Ms. Rhee engaged counsel. Only then did Sante begin claiming as a defense that Sante supposedly determined that Ms. Rhee's agreement was illegal and they supposedly orally modified it. Sante never cited either defense when Ms. Rhee repeatedly inquired about her bonus, even when she premised a discussion about a potential promotion on that very same employment agreement. (See Plaintiff's Exhibit 8).

Additionally, under Sante's oral modification theory, Sante claimed that Ms. Rhee agreed to a discretionary bonus though has provided no supporting evidence. Still, Sante promised Ms. Rhee a portion of carried interest much smaller than her employment agreement provided for, but still never provided her the paperwork to complete that carried interest. Sante has since claimed that the paperwork provided for Sante to terminate that carried interest at its discretion and that Ms. Rhee moving to enforce her rights in court gave Sante the right to deprive her of that compensation.

Prior to trial, Ms. Rhee also pled counts for Unjust Enrichment; Breach of Fiduciary Duty; Fraud; Attorneys' Fees and Costs under the NDIA; and Equitable Estoppel. The Court dismissed Plaintiff's claims of Fraud, Attorneys' Fees and Costs under the NDIA, and Equitable Estoppel. In summary judgment, the Court denied the Unjust Enrichment, and Breach of Fiduciary Duty claims.

B. Defendant:

The following are Defendant's defenses:

- Plaintiff was an at-will employee whose terms and conditions of employment, including her compensation pursuant to the 2010 Offer Letter, were subject to modification at any time.

- Defendant modified Plaintiff's terms of employment. Specifically, her pay structure was modified to a purely discretionary bonus in lieu of the Cash Bonus payment cited in the 2010 Offer Letter.
- Plaintiff continued her employment with Defendant after she received notice that a condition of her at-will employment with Defendant would no longer apply, thereby consenting to the modified compensation terms.
- Plaintiff failed to comply with the conditions necessary to receive the compensation she alleges is due and owing to her.
- Plaintiff cannot demonstrate that she performed any work for which she was not properly compensated.
- Even if the Offer Letter's compensation terms were enforceable, Plaintiff voluntarily resigned before additional payments would have been due.
- Defendant had asserted, but will not try, the issue of whether the agreement on which Plaintiff's breach of contract claim is founded is illegal and unenforceable pursuant to the Securities Exchange Act.

## V. Jury Trial

Plaintiff has demanded a jury trial of all issues and Defendant accepts Plaintiff's demand for a jury. The trial in this matter is expected to take three days. The parties have not consented to trial of the case by a magistrate judge.

## VI. Joint Statement on the Nature of the Case

This is an employment dispute involving Ms. Youngjoo "Julia" Rhee and her former employer, Santé Ventures, a private venture capital fund. Ms. Rhee began working for Santé in 2010 as the Director of Marketing and Investor Relations. Ms. Rhee alleges she is owed more than $1.5 million in unpaid compensation based on an offer letter dated August 18, 2010.

Santé denies this claim and asserts that Ms. Rhee was an at-will employee whose terms of employment (including her compensation) were subject to modification at any time. Santé alleges that during Ms. Rhee's employment, Santé informed Ms. Rhee that it could not pay the Cash Bonus pursuant to the 2010 Offer Letter and that it would pay her only discretionary bonuses for her fundraising efforts. Santé alleges Ms. Rhee continued working with Santé with the knowledge of those changes to her employment for several years, and she did not take any issue with the revised incentive compensation or cash bonus.

Ms. Rhee also contends that she is entitled to a carried interest in Santé's Funds III and IV based on the amounts she claims to have raised.

Santé likewise denies that Ms. Rhee is entitled to any carried interest pursuant to the 2010 Offer Letter. The 2010 Offer Letter provided Ms. Rhee with the opportunity to earn a carried interest in Santé's Fund II. It does not offer her the opportunity to earn carried interest for any subsequent funds raised by Defendant. In addition, Ms. Rhee never executed the necessary documents required to establish any carried interest in any Santé fund.

Ms. Rhee disputes each of Sante's allegations and contentions.

VII. **A list of people, places, and institutions that are likely to be mentioned during the course of the trial, to be read to potential jurors during jury selection**

- Pennsylvania Public School Employees Retirement System (PSERS)
- Kevin Lalande
- Jason Brandt
- Brooke Jones
- Alfred Macdaniel
- Patrick Knapp
- Luke Jacobs
- Hong Zhang
- Far Hills Group LLC
- Youngjoo Rhee

VIII. **Stipulations**

The parties have entered into the following stipulations which are attached hereto as <u>Exhibit A</u>.

IX. **Witnesses**

A list of Plaintiff's and Defendant's witnesses are attached hereto as <u>Exhibit B</u>.

X. **Deposition Testimony**

Plaintiff:

Plaintiff has no designations assuming Defendant produces Jason Brandt and Kevin Lalande to testify during Plaintiff's case-in-chief.

Defendant: None.

XI. **Exhibits**

Plaintiff's Proposed Trial Exhibits:

a. Ex 1a- Employment Agreement

b. Ex 1b- Fully Executed Confirmation

c. Ex 3- Bonus Letter 3-6-2020

d. Ex 4- Kevin Lalande Email 7-13-2020

e. Ex 5- Sante Counsel Letter 9-9-2020 *Advanced Ruling Requested. Defendant objects to Plaintiff's Proposed Trial Exhibit 5 (Fed. R. Evid. 401, 402, 403, 801, 802)*

f. Ex 6- Slack Conversation Brandt Dec 2019

    g.  Ex 7- Commission Inquiry

    h.  Ex 8- Promotion Proposal

    i.  Ex 9- PSERS Investment Commitment

    j.  Ex 10- PA PSERS backs two Sante health venture funds - PE Hub

    k.  Ex 11- A Rhee and PSERS email

    l.  Ex 12- Another Rhee and PSERS email

    m.  Ex 13- Austrian Wanted Email

    n.  Ex 15 Letter Music Traveler Investigation 2020-07-21

    o.  Ex 16 Letter AritomoZhang CeaseDesist 2020-07-21

    p.  Ex. 17- Closing a Venture Capital Fund - VC Lab 2 *Advanced Ruling Requested. Defendant objects to Plaintiff's Proposed Trial Exhibit 17 (Fed. R. Evid. 401, 402, 403, 801, 802, 901).*

Defendant's Proposed Trial Exhibits:

a. August 18, 2010 Letter re: offer to join Santé Ventures as Director of Marketing and Investor Relations;
b. March 6, 2020 Letter Re: 2019 Bonus; and
c. Draft Transfer and Admission Agreement for Julia Rhee.

## XII. Statement of Damages

Plaintiff: Ms. Rhee is owed 1% of the money committed by PSERS to each of Sante's Fund III and Fund IV plus statutory interest, or $1,500,000 plus statutory interest. She is also owed 1.875% carried interest in each of Fund III and Fund IV, plus any other damages and relief this Court deems just, equitable, and proper. In the event of a favorable jury verdict for the Plaintiff, Plaintiff will request that this Court enter pre-judgment interest in accordance with CPLR § 5001 et. seq.

Defendant: Defendant seeks a verdict of no liability and no damages and a dismissal of the case with prejudice.

## XIII. Whether The Parties' Consent To Less Than A Unanimous Verdict.

Plaintiff: Plaintiff does not consent to less than a unanimous verdict.

Defendant: Defendant does not consent to less than a unanimous verdict.

XIV.  **Modification of Order**

IT IS SO ORDERED that the Court may, in order to prevent manifest injustice of, for good cause shown, at the trial of the action or prior thereto, upon application of counsel for any party made in good faith, or upon the Court's own motion, modify this Joint Pretrial Order to the extent that the Court may deem such modification be just and proper.

Dated: New York, New York
September 12, 2023

_____
Honorable Lewis J. Liman
United States District Judge

| | |
|---|---|
| TENENBAUM LAW, LLC | RIGBY SLACK, PLLC |
| By: */s/Sam Tenenbaum* <br> Sam Tenenbaum <br> sam@tenenbaumlaw.com | By: */s/Patrick S. Richter* <br> Patrick S. Richter <br> prichter@rigbyslack.com <br> Sophie I. Myers <br> smyers@rigbyslack.com |
| 10 North Dearborn Street, Ste 400 <br> Chicago, Illinois 60602 <br> Telephone: (312) 624-8684 | RIGBY SLACK, PLLC <br> 300 Jefferson Street, Suite 330 <br> Austin, Texas 78731 <br> Telephone: (512) 782-2061 |
| -and- | -and- |
| James Koutoulas <br> james@koutoulaslaw.com | Ryan James Sestack <br> rsestack@gordonrees.com |
| KOUTOULAS LAW, LLC <br> 10 N. Dearborn, Ste 400 <br> Chicago, Illinois 60604 <br> Telephone: (312) 836-1180 | GORDON REES SCULLY MANSUKHANI LLP <br> 1 Battery Plaza, 28th Floor <br> New Yor, NY 10004 <br> Telephone: (214) 269-5505 |
| **ATTORNEYS FOR PLAINTIFF** | **ATTORNEYS FOR DEFENDANT** |

**Exhibit A**

The parties have agreed to stipulate to the following facts:

1. Defendant SHVMS, LLC, d/b/a Santé Ventures ("Santé") is a private venture capital fund based in Austin, Texas focused on the Biotech, Medtech, and Healthtech fields.

2. Plaintiff Youngjoo Rhee ("Ms. Rhee") was employed at Santé in the role of Director of Marking and Investor Relations beginning on October 1, 2010.

3. The original terms of Rhee's employment were set forth in an offer letter, delivered to her via email, on August 18, 2010 (the "2010 Offer Letter").

4. Kevin Lalande drafted the 2010 Offer Letter.

5. In her role as Director of Marketing and Investor Relations, Ms. Rhee contacted potential investors for Santé's Fund II between 2010 and 2011.

6. Ms. Rhee did not directly close any investors in Fund II.

7. Santé paid Ms. Rhee a $200,000.00 discretionary bonus in the Fall of 2011.

8. Ms. Rhee contacted Pennsylvania Public School Employees' Retirement System ("PSERS") as a potential investor in Santé's Fund II, but it did not invest in Fund II.

9. PSERS committed to invest $75,000,000 in Fund III and $75,000,000 in Fund IV.

10. Ms. Rhee's employment with Santé terminated in July 2020.

**Exhibit B**

Plaintiff's Prospective Witness List

    a) Plaintiff Youngjoo "Julia" Rhee will testify to knowledge regarding, among other things, the terms of her employment with Defendant, including her compensation, job performance, job duties, and her efforts to secure investments; the allegations in the Third Amended Complaint; and her damages.

    Ms. Rhee will testify in-person and will not require an interpreter.

    b) Kevin Lalande will testify to his conversations with Ms. Rhee including his allegations that he modified Ms. Rhee's contract orally and process for determining her compensation.

    Mr. Lalande will testify in-person and will not require an interpreter.

    c) Jason Brandt will testify to his role at Sante in terms of payments to Ms. Rhee.

    Mr. Mcdaniel

Defendant's Prospective Witness List
    a) *Kevin Lalande*.
        i. Mr. Lalande is the Founding Managing Direct and Chief Investment Officer of Defendant. Mr. Lalande will testify as to the alleged terms of Plaintiff's employment with Defendant, including her compensation, job performance, job duties, and her efforts to secure investments.
        ii. Mr. Lalande will testify in-person and will not require an interpreter.
    b) *Jason Brandt*.
        i. Mr. Brandt is the Chief Financial Officer and Chief Compliance Officer for Defendant. Mr. Brandt will testify to the terms of Plaintiff's employment with

        Defendant, including her compensation, job performance, job duties, and her efforts to secure investments.
        ii. Mr. Brandt will testify in-person and will not require an interpreter.

c) *Brooke Jones- Plaintiff objects to Ms. Jones testifying. Defendant refused to schedule initial depositions for months after the initially agreed upon scheduling window then refused subsequent discovery and deposition requests. Ms. Jones was not even employed at Sante when Ms. Rhee was hired nor when she secured PSERS's investment for Sante. See related Motion in Limine.*
    i. Ms. Jones is the Head of Capital Formation of Defendant. Ms. Jones will testify as to the alleged terms of Plaintiff's employment with Defendant, including her job performance, job duties, and her efforts to secure investments.
    ii. Ms. Jones will testify in-person and will not require an interpreter.

d) *Alfred Macdaniel- Plaintiff objects to Mr. Macdaniel testifying. Defendant refused to schedule initial depositions for months after the initially agreed upon scheduling window then refused subsequent discovery and deposition requests. Ms. Jones was not even employed at Sante when Ms. Rhee secured PSERS's investment for Sante. See related Motion in Limine.*
    i. Mr. Macdaniel is the former General Counsel of Defendant. Mr. Macdaniel will testify as to the alleged terms of Plaintiff's employment with Defendant, including her compensation, job performance, job duties, and her efforts to secure investments.
    ii. Mr. Macdaniel will testify in-person and will not require an interpreter.