```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/10/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
YOUNGJOO RHEE,                                                       :
:
                  Plaintiff,                                :      21-cv-4283 (LJL)
:
      -v-                                                          :
:      MEMORANDUM AND
SHVMS, LLC, d/b/a SANTÉ VENTURES,                                    :           ORDER
:
                  Defendant.                               :
:
---------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

       Plaintiff moves for reconsideration, Dkt. No. 164, of this Court's April 26, 2024 oral ruling denying her motion in limine to prohibit Defendant "from seeking a setoff for $300,000 with respect to Fund III or Fund IV," Dkt. No. 149 at 1.

       Additionally, Defendant moves in limine to preclude Plaintiff "from offering any evidence or making any argument at trial asserting that Plaintiff may be entitled to recover damages based on a breach of the covenant of good faith and fair dealing, specifically that Defendant terminated Plaintiff to avoid paying her a bonus." Dkt. No. 172 at 1.

       For the following reasons, the Court denies Plaintiff's motion for reconsideration and grants Defendant's motion in limine.

## DISCUSSION

### I.    Plaintiff's Motion for Reconsideration

       Plaintiff urges the Court to reconsider its denial of her motion in limine to prevent Defendant from introducing evidence of a $300,000 payment Defendant made to Plaintiff.[1] Dkt.

---

[1] The Court assumes familiarity with the facts and procedural history of this case.

No. 167 at 1. According to Plaintiff, Defendant "waived" its right to introduce evidence of that payment by failing to "plead a partial payment as an affirmative defense" or litigate that affirmative defense throughout this case. *Id.* Defendant opposes the motion for reconsideration and contends Defendant is not required to amend its answer to plead partial payment because Plaintiff had adequate notice of that issue. Dkt. No. 171 at 5–6.

"A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court.'" *Justice v. City of New York*, 2015 WL 4523154, at *1 (E.D.N.Y. July 27, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Although Plaintiff framed her motion in limine as a question of "setoff," Dkt. No. 149 at 1, Plaintiff now argues that Defendant was required to plead "partial payment" as an affirmative defense under New York law and that, by failing to do so, Defendant forfeited its ability to present evidence of the $300,000 payment at the upcoming retrial on damages, Dkt. No. 167 at 1. "In a diversity case, substantive state law determines what constitutes an affirmative defense." *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014); *see Orix Fin. Servs., Inc. v. Thunder Ridge Energy, Inc.*, 2006 WL 587483, at *3 (S.D.N.Y. Mar. 8, 2006). By statute, "payment" is an affirmative defense under New York law. N.Y. C.P.L.R. 3018(b); *see Ross v.*

2

*Ross Metals Corp.*, 976 N.Y.S.2d 485, 487 (2d Dep't 2013).  However, both New York and federal law excuse a defendant's failure to include an affirmative defense in its answer if the plaintiff has sufficient notice of the defense.  *See Cammarota v. Drake*, 727 N.Y.S.2d 809, 810 (3d Dep't 2001) ("While recognizing that the affirmative defenses of payment and offset are distinguishable, we find that Supreme Court did not err in concluding that the affirmative defense asserted in defendant's answer was sufficient to put plaintiff on notice of the nature of the defense presented at trial."); *Nicholls v. Tufenkian Imp./Exp. Ventures, Inc.*, 367 F. Supp. 2d 514, 524 (S.D.N.Y. 2005) ("[E]ven as late as trial, if evidence relating to an unpleaded affirmative defense is introduced without objection, Rule 15(b) requires the pleadings to be treated as if they actually had raised the defensive issue." (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1278 (3d ed. 2004))).

Plaintiff had sufficient notice that Defendant would raise a partial payment defense. Although Defendant did not expressly plead partial payment, Defendant's answer averred that "Plaintiff's claims are barred in whole or in part by accord and satisfaction."  Dkt. No. 61 at 7. "Accord and satisfaction is the payment of money (or some other thing of value), usually less than the amount owed or demanded, in exchange for the extinguishment of the debt."  *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 406 n.4 (S.D.N.Y. 2015) (quoting *New Dance Grp. Studio, Inc. v. St. Paul Fire & Marine Ins. Co.*, 1995 WL 434314, at *3 (S.D.N.Y. July 24, 1995)); *see also Rubin v. Medynski*, 760 N.Y.S.2d 619, 620 (App. Term 2003) ("[A]n accord and satisfaction arises when a creditor accepts payment of less than the whole amount sought by the creditor in full settlement of a disputed unliquidated claim.").  Defendant's answer thus put Plaintiff on notice that Defendant would introduce evidence of a payment to Plaintiff that "in whole or in part" discharged Defendant's obligation to Plaintiff.  Dkt. No. 61 at 7; *see Crescent*

3

*Packing Corp. v. Tropical Mkt., Inc.*, 79 N.Y.S.3d 847, 849 (App. Term 2018); *Cammarota*, 727 N.Y.S.2d at 810.

The parties also extensively litigated the $300,000 payment both during and after trial. Plaintiff introduced the $300,000 payment at the initial trial—in her opening statement, Trial Tr. 21:19–22, 22:3, and direct testimony, *id.* at 100:17–23. Defendant then adduced testimony from Kevin Lalande on the payment without objection from Plaintiff, and emphasized it during summation. *Id.* at 175:9, 306:7–9. The parties continued to litigate the significance of that payment in their post-trial briefing. *See* Dkt. No. 126 at 10. And Plaintiff has not sought additional discovery on the $300,000 payment since the Court remitted the original Jury's award. The procedural history of this case therefore confirms that Plaintiff had ample notice that Defendant would seek to introduce evidence of the $300,000 payment at the retrial on damages. *See Crescent Packing Corp.*, 79 N.Y.S.3d at 849; *Silverstein v. Penguin Putnam, Inc.*, 522 F. Supp. 2d 579, 604 (S.D.N.Y. 2007) (explaining "consent often may be implied from the opposing party's failure to object to the admission of evidence relevant to [an] unpleaded issue" when it is "obvious that the party offering the evidence was attempting to raise the unpleaded issue"). Finally, Plaintiff does "not contend, nor does the Court find, any resulting prejudice" from allowing Defendant to introduce evidence of the $300,000 payment at the retrial. *Bozdogan v. 23 Ludlam Fuel, Inc.*, 2022 WL 523546, at *6 (E.D.N.Y. Feb. 22, 2022).

Plaintiff has not shown that the Court's denial of her motion in limine was an "error, much less [a] 'manifest injustice' requiring reconsideration." *de la Cruz v. Manhattan Parking Grp. LLC*, 2022 WL 3161770, at *4 (S.D.N.Y. Aug. 8, 2022). Thus, "the Court finds that the plaintiff's motion for reconsideration is without merit and the motion is denied." *Pro Bono Invs., Inc. v. Gerry*, 2008 WL 2354366, at *1 (S.D.N.Y. June 9, 2008).

II. **Defendant's Motion in Limine**

Defendant moves in limine to prevent Plaintiff from offering evidence or argument in support of a theory that Defendant breached the covenant of good faith and fair dealing by terminating her employment. Dkt. No. 173 at 1. Defendant argues that theory of liability was not properly before the Jury during the initial trial, so it is beyond the scope of the limited retrial on damages. *Id.* at 4–6.

"The purpose of an in limine motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines*, 652 F. Supp. 1400, 1401 (D. Md. 1987)). The decision whether to grant an in limine motion "resides in a district court's inherent and discretionary 'authority to manage the course of its trials.'" *United States v. Ray*, 2022 WL 558146, at *1 (S.D.N.Y. Feb. 24, 2022) (quoting *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176–77 (S.D.N.Y. 2008)). "The trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 164 (S.D.N.Y. 2006). "Because a ruling on a motion in limine is 'subject to change as the case unfolds,' this ruling constitutes a preliminary determination in preparation for trial." *United States v. Perez*, 2011 WL 1431985, at *1 (S.D.N.Y. Apr. 12, 2011) (quoting *Palmieri*, 88 F.3d at 139).

On April 26, 2024, the Court ordered the parties to file any motions in limine with respect to testimony at the retrial by May 24, 2024 and oppositions to any such motion by May 31, 2024. Dkt. No. 162. Defendant filed the instant motion in limine on May 24, 2024, Dkt. No. 172, but Plaintiff has not opposed it. Consequently, the Court grants Defendant's motion in limine as

unopposed. *See Wright v. Urb. Outfitters, Inc.*, 2009 WL 10736929, at *4 (S.D.N.Y. Nov. 30, 2009).

Defendant's motion also succeeds on the merits. In her second amended complaint, Plaintiff pleaded a separate cause of action for "breach of the implied covenant of good faith and fair dealing." Dkt. No. 24-2 ¶ 62. After Defendant moved to dismiss the second amended complaint, Dkt. No. 26, Plaintiff filed a motion for leave to file a third amended complaint and to voluntarily dismiss her good faith and fair dealing claim, Dkt. No. 32. The Court granted that motion. Dkt. No. 34.

Plaintiff subsequently sought to revive that theory in her opposition to Defendant's motion for summary judgment. However, the Court observed that "no mention [was] made of the covenant of good faith and fair dealing" in the third amended complaint and found that Plaintiff had "failed to put Defendant on notice" of her allegation that Defendant violated the implied covenant. Dkt. No. 91 at 26 n.9. The Court therefore held that Plaintiff had not adequately pleaded a breach of the covenant of good faith and fair dealing.[2] *Id.*; *see Price v. Cushman & Wakefield, Inc.*, 808 F. Supp. 2d 670, 686 (S.D.N.Y. 2011) ("Although a complaint need not correctly plead every legal theory supporting the claim, at the very least, plaintiff must set forth facts that will allow each party to tailor its discovery to prepare an appropriate defense." (quoting *Beckman v. U.S. Postal Serv.*, 79 F. Supp. 2d 394, 407 (S.D.N.Y. 2000))).

Consequently, the Court did not instruct the Jury on the implied covenant of good faith and fair dealing at the initial trial. It follows that the Jury did not find Defendant liable on that

---

[2] That ruling is now law of the case. *See United States v. Yonkers Bd. of Educ.*, 856 F.2d 7, 11 (2d Cir. 1988) ("The doctrine of law of the case 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983))).

basis. *See Corsair Cap. Partners, L.P. v. Wedbush Morgan Sec., Inc.*, 24 F. App'x 795, 798 (9th Cir. 2001) ("A jury is presumed not to have based its decision on grounds on which it was not instructed."). And the original Jury's liability determination will be binding at the upcoming retrial on damages. Dkt. No. 126 at 23. Plaintiff cannot expand their verdict at the retrial by introducing a new theory of liability the first Jury never considered. *See Bailey v. Chattem, Inc.*, 838 F.2d 149, 154 (6th Cir. 1988) ("The retrial of the damages issue was tried upon the same theory of liability as before. Liability for damages had already been determined; what remained was the measurement of damages."), *abrogated on other grounds by Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827 (1990).

The Court therefore grants Defendant's motion in limine—both as unopposed and on the merits—and precludes Plaintiff from offering evidence or argument at the retrial in support of a theory that Defendant breached the implied covenant of good faith and fair dealing.

## CONCLUSION

Plaintiff's motion for reconsideration, Dkt. No. 164, is DENIED. Defendant's motion in limine, Dkt. No. 172, is GRANTED.

The Clerk of Court is respectfully directed to close Dkt. Nos. 164 and 172.

SO ORDERED.

Dated: June 10, 2024
New York, New York

  LEWIS J. LIMAN
  United States District Judge